UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALO VALLE ARRIZON;
EFREN VALLE ARRIZON,

                Plaintiffs,

v.

CHAD F. WOLF, ACTING SECRETARY
OF UNITED STATES DEPARTMENT
DEPARTMENT OF HOMELAND
SECURITY;  KENNETH T.
CUCCINELLI, SENIOR OFFICIAL
PERFORMING THE DUTIES OF THE
DIRECTOR OF UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; DANIEL RENAUD,
DIRECTOR OF FIELD OPERATIONS OF
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; MICK
DEDVUKAJ, DIRECTOR OF DISTRICT
12 OF UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES;
MICHAEL KLINGER, DETROIT FIELD
OFFICE DIRECTOR OF UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES; OFFICER JONES, SUPERVISORY
OFFICER OF DETROIT FIELD OFFICE OF
UNITED STATEMENT CITIZENSHIP AND
IMMIGRATION SERVICES; U.S.
DEPARTMENT OF HOMELAND SECURITY;
and UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

                Defendants.

Case No.:

Hon.

PLAINTIFF'S COMPLAINT
FOR MANDAMUS RELIEF AND
DECLARATORY JUDGMENT

---

**INTRODUCTION**

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

1)     Even Neanderthals honored their deceased loved ones with funerary rites.[1]

While the details may vary from culture to culture and from ancient to modern times,

doing so is an essential aspect of what makes us human. In an inhumane and plainly

unlawful decision on August 19, 2020, Defendants refused to even review Plaintiffs'

request that they be given the opportunity to pay last respects to their grandfather. For

this reason, Plaintiffs Gonzalo Valle Arrizon and Efren Valle Arrizon now bring this

mandamus action to compel Defendants to accept and adjudicate their applications for

emergency advance parole. They also seek a declaration that Defendant Wolf's July 28,

2020 memo regarding DACA is null and void because Mr. Wolf lacked the authority to

issue it and, furthermore, that Mr. Wolf may not continue acting as if he is the Secretary

of the Department of Homeland Security.

## JURISDICTION AND VENUE

2)     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1346(a)(2) in that

the matter in controversy arises under the laws of the United States and the United States

is a Defendant. This Court also has jurisdiction over the present action pursuant to 28

U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative

Procedures Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the

United States to perform his or her duty.

3)     Venue is proper under 28 U.S.C. § 1391(e)(1) because this is a civil action

in which Defendants are national agencies and officers or employees of national

---

[1] https://www.washingtonpost.com/national/health-science/did-neanderthals-bury-their-dead-with-flowers-iraq-cave-yields-new-clues/2020/02/21/0815e340-5415-11ea-929a-64efa7482a77_story.html (Last accessed on August 20, 2020).

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

agencies, because a substantial part of the events giving rise to the claim occurred in this

district, because Plaintiffs reside in this judicial district and there is no real property

involved in this action, and because Defendants operate within this district.

## PARTIES

4)      Plaintiff Gonzalo Valle Arrizon (Gonzalo) is a citizen of Mexico that at all

relevant times resided and continues to reside within the Western District of Michigan.

5)      Plaintiff Efren Valle Arrizon (Efren) is a citizen of Mexico that at all

relevant times resided and continues to reside within the Western District of Michigan.

6)      Defendant Chad F. Wolf is acting as the Secretary of the United States

Department of Homeland Security (DHS) and is sued in his official capacity only. In fact,

Defendant Wolf's appointment was unlawful. On August 14, 2020, the United States

Government Accountability Office decided that he was not legally eligible to serve as the

Acting Secretary of the United States Department of Homeland Security.[2]

7)      Kenneth T. Cuccinelli, is the Senior Official Performing the Duties of the

Director of USCIS and is sued in his official capacity only. In fact, Defendant

Cuccinelli's appointment was unlawful and he is not legally eligible to perform the duties

of the Director of USCIS for the same reasons that Defendant Wolf's appointment was

unlawful. *Id*. See also *L.M.-M. v. Cuccinelli*, 1:19-cv-02676-RDM (D.D.C. March 1,

2020) ("Cuccinelli was not lawfully appointed to serve as the Acting Director of

USCIS"). USCIS is the component of the Department of Homeland Security that is

responsible for adjudicating Plaintiffs' requests for emergency advance parole.

---

[2] https://www.gao.gov/assets/710/708830.pdf (Last accessed on August 20, 2020).

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

8)    Defendant Daniel Renaud is the Director of Field Operations of USCIS

and is sued in his official capacity only. As the Director of Field Operations, Renaud

manages the Detroit Field Office which is the USCIS office that has refused to accept and

adjudicate the relevant applications.

9)    Defendant Mick Dedvukaj is the Director of USCIS District 12 in which

the Detroit Field Office is located and is sued in his official capacity only.

10)    Defendant Michael Klinger is the Director of the USCIS Detroit Field

Office and is sued in his official capacity only.

11)    Defendant Officer Jones is a supervisory office in USCIS's Detroit Field

Office and is sued in her official capacity only. Her first name is currently unknown.

12)    Defendant DHS is the department of the federal government within which

USCIS is a component agency. DHS operates within this district, with headquarters in

Washington, D.C.

13)    Defendant USCIS is the component of DHS that adjudicates applications

for emergency advance parole. USCIS operates within this district, with headquarters in

Washington, D.C.

**FACTUAL ALLEGATIONS**

14)    Plaintiffs incorporate by reference the preceding paragraphs as though set

forth fully herein.

15)    Plaintiffs are Mexican nationals that have resided in the United States

since May 2007 and are both participants in the deferred action for childhood arrivals

(DACA) program.[3] They are brothers and have resided in Branch County, Michigan at all relevant times.

16)     The DACA program has existed since 2012 and the Supreme Court recently held that the attempt to terminate the program on September 5, 2017 was done in violation of the Administrative Procedure Act. *Department of Homeland Security v. Regents of University of California*, 591 U.S. __ (2020).

17)     Advance parole allows a foreign national to leave the United States and return. For a DACA recipient, if they depart the United States without advance parole, their participation in the DACA program will "terminate automatically" and they may be unable to return to the United States lawfully.[4]

18)     Plaintiff Gonzalo first applied for advance parole on April 4, 2016 and was approved nearly 8 months later on November 29, 2016. Gonzalo traveled to Mexico shortly thereafter to visit family, including his father and grandfather, and returned to the United States on December 30, 2016.

19)     On September 5, 2017, the government attempted to end the DACA program and stopped processing advance parole applications for DACA recipients.[5]

20)     The Supreme Court issued its decision in *Department of Homeland Security v. Regents of University of California*, 591 U.S. __ (2020) on June 18, 2020,

---

[3] Plaintiff Gonzalo was 11 years-old at the time of his arrival in the United States and Plaintiff Efren was five years-old.
[4] https://www.uscis.gov/sites/default/files/document/forms/i-131instr.pdf (Last accessed on August 20, 2020).
[5] https://www.dhs.gov/news/2017/09/05/memorandum-rescission-daca (Last accessed on August 20, 2020).

affirming the decision in *NAACP v. Trump*, 298 F.Supp.3d 209 (D.D.C. 2018) to vacate

the September 5, 2017 attempt to end the DACA program. The D.C. District Court issued

a stay pending appeal in regards to applications for advance parole for DACA recipients.

*NAACP v. Trump*, 321 F.Supp.3d 143, 146 (D.D.C. 2018). That stay "temporarily

deprive[d] certain DACA-eligible individuals [such as Gonzalo Valle Arrizon and Efren

Valle Arrizon]… of relief [such as the ability to travel with advance parole] to which the

Court has concluded they are legally entitled." *Id*. Upon the conclusion of appeals and the

Supreme Court's affirmance, this stay was no longer in effect and Defendants should

have begun accepting advance parole applications from DACA recipients immediately.

See also *Casa de Maryland v. U.S. Department of Homeland Security*, 8:17-cv-02942-

PWG (D. Md. July 17, 2020) (DACA program "restored to its pre-September 5, 2017

status", thus allowing advance parole applications.)

     21)     The Supreme Court, while finding the September 5, 2017 attempt to end

the DACA program unlawful, did "remand to DHS so that it may consider the problem

anew." On July 28, 2020, Defendant Wolf issued a new memo which states that DACA

recipients may be granted advance parole if there are "exceptional circumstances".[6]

     22)     While a lawfully appointed Secretary of Homeland Security may have the

authority to issue such a memo, as described at paragraph 6, Defendant Wolf's

appointment was unlawful; he is not legally eligible to serve as the Acting Secretary of

the United States Department of Homeland Security. Because the purported appointment

---

[6] https://www.dhs.gov/sites/default/files/publications/20_0728_s1_daca-reconsideration-memo.pdf (Last accessed on August 20, 2020).

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

is invalid, the actions he has taken in that capacity, including his July 28, 2020 memo, are also invalid and must be vacated. *Noel Canning v. N.L.R.B.*, 705 F.3d 490, 499 (D.C. Cir. 2013) affirmed by *N.L.R.B. v. Noel Canning*, 573 U.S. 513 (2014). See also *L.M.-M. v. Cuccinelli*, 1:19-cv-02676-RDM (D.D.C. March 1, 2020) (if "not lawfully appointed to serve", the purported federal agency leader's "directives must be set aside as ultra vires"). Accordingly, DACA recipients such as Plaintiffs should be allowed to apply for and receive advance parole on the same terms and conditions as existed prior to DHS's September 5, 2017 attempt to end the DACA program and should not be required to make any showing of "exceptional circumstances."

23)	In circumstances such as the immediate need to travel for a funeral, normal application procedures are plainly insufficient. Such procedures - as were followed by Gonzalo in 2016 - would require the mailing of an application to a USCIS office in Phoenix, Arizona and (if approved), several months later, USCIS mailing an advance parole document. As noted at paragraph 18, Gonzalo's prior experience with the process resulted in a wait time of nearly eight months. In most cultures funerals are held shortly after death and a wait time of 8 months to get permission to attend is completely impractical.

24)	It is for the above reason that USCIS has long allowed emergency advance parole applications to be filed at local field offices. Making an appointment at a local office is "encouraged" - but not required.[7] It is no longer possible to schedule such

---

[7] https://www.uscis.gov/green-card/green-card-processes-and-procedures/travel-documents/emergency-travel (Last accessed on August 20, 2020).

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

appointments on the USCIS website.[8] Instead, someone seeking such an appointment must call the USCIS Contact Center. *Id*.

25)      On August 17, 2020, Plaintiffs' grandfather, Jose Valle Villa, passed away in the state of Oaxaca, Mexico.

26)      On August 17, 2020 at approximately 1:00 PM undersigned counsel called the USCIS Contact Center on behalf of Plaintiffs to attempt to schedule an appointment at the Detroit Field Office of USCIS for the purpose of filing applications for emergency advance parole. After waiting on hold for roughly an hour, counsel was told he would receive a call back from a higher-level officer. An officer did call back at approximately 2:30 PM. The officer informed counsel that he would soon receive an email with instructions for scheduling an appointment. To date, no such email has been provided.

27)      Counsel made another phone call to the Contact Center at approximately 6:30 PM to again request an appointment. After waiting on hold for roughly another hour, counsel was again told he would receive a call back from a higher-level officer.

28)      In each of the above contacts, counsel informed USCIS that the purpose for the call was to schedule an appointment ASAP to file emergency advance parole applications so that Plaintiffs could participate in the religious funeral rites for their recently deceased grandfather.

29)      Counsel (and Plaintiffs) received no email, call or other communication from USCIS on August 18, 2020. They decided that evening that they would visit the USCIS field office in Detroit the following day to request an appointment in person

---

[8] https://my.uscis.gov/en/appointment/v2 (Last accessed on August 20, 2020).

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

because further delay would cause them to miss religious funeral rites that they felt

compelled to participate in based on their love of their grandfather and their sincerely

held religious beliefs. Emergency advance applications were prepared, passport photos

taken, a translation of the death certificate completed and supporting documents such as

translated birth certificates (to confirm the familial relationship) organized. Plaintiffs also

gathered $1150 for the application fees and counsel wrote checks on their behalf to the

U.S. Department of Homeland Security. In short, Plaintiffs prepared to file meritorious

and well supported applications that fulfilled all USCIS requirements.

30)     On August 19, 2020 at approximately 8:30 AM, Officer Ellis (first name

unknown) called counsel and they discussed the matter. Specifically, counsel informed

Officer Ellis that Plaintiffs wished to have an appointment at the Detroit Field Office that

day for the purpose of filing emergency advance parole applications so they can travel to

Mexico (flying from the Detroit International Airport that evening) and participate in

religious funeral rites for their grandfather. Officer Ellis said he would communicate with

the Detroit Field Office, try to get an appointment scheduled and then get back in touch

with counsel regarding the appointment. In turn, counsel informed Officer Ellis that he

and his clients were on their way to Detroit for that purpose and thanked Officer Ellis for

his efforts.

31)     Counsel and Plaintiffs traveled from the west side of the state (from

Kalamazoo and Coldwater respectively) and met in the parking lot of the Detroit Field

Office. At approximately 11:30 AM on August 19, 2020, counsel attempted to call

Officer Ellis back to inquire in regards to the status of the matter but the phone number

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

from which Officer Ellis called only allows outgoing calls and so counsel was unable to communicate with him.

32)     At approximately noon (on August 19, 2020), Plaintiffs and counsel decided to enter the Detroit Field Office for the purpose of requesting an appointment in person and filing their applications. The parking lot was nearly full, the office was open and there was a line of people present for interviews or other meetings at the office. Plaintiffs and counsel wore masks covering their mouths and noses, proceeded through security and were met by Supervisory Officer Jones (first name unknown).

33)     Counsel explained to Officer Jones that Plaintiffs were at the office to request an appointment to file their emergency advance parole applications and hoped to be able to travel to Mexico that evening to participate in their grandfather's religious funeral rites. Officer Jones said that the death of Plaintiffs' grandfather was "not an emergency" and that they could not file their applications because Plaintiffs did not have an appointment. She further stated that Plaintiffs must leave the office and must not return unless and until they were given an appointment.

34)     Counsel asked to speak to Defendant Klinger (the field officer director) but Defendant Jones said that would not be possible. Accordingly, Plaintiffs and their counsel were left with no choice but to follow Officer Jones directions and left the office without filing their applications.

35)     From the parking lot of the Detroit Field Office counsel again called the USCIS Contact Center. After again waiting on hold for nearly an hour, counsel was able to talk to "Agent Sammy" (last name unknown, agent ID # G011039) and informed him

that he and Plaintiffs were in the parking lot of the Detroit Field Office, had been waiting

on a response to their appointment request for two days and were still hoping to get an

appointment so they could re-enter the office and file their emergency advance parole

applications so Plaintiffs could travel to Mexico and participate in the religious funeral

rites for their grandfather. Sammy said it was too late in the day (it was approximately

2:00 PM) and that counsel would have to call back again tomorrow to speak to a higher

level USCIS agent.

36)      Shortly after the call with Agent Sammy, counsel received the awaited call

back from Officer Ellis. Officer Ellis said that he had been instructed by an agent of the

Detroit Field Office to tell counsel that "due to a recent Supreme Court ruling, field

offices of USCIS are not allowed to issue emergency advance parole documents for

DACA recipients." The Supreme Court said no such thing in *Regents of University of*

*California*, 591 U.S. __ (2020) or any other recent Supreme Court case. The plain

holding of this case was that USCIS's September 5, 2017 attempt to terminate the DACA

program was unlawful and, accordingly, while DHS was allowed to "consider the

problem anew", in the meanwhile, the program should continue on the terms existing

prior to September 5, 2017.

### COUNT I - ADMINISTRATIVE PROCEDURES ACT

37)      Plaintiffs incorporates by reference the preceding paragraphs as though set

forth fully herein.

38)      The applications that Plaintiffs attempted to file on August 19, 2020 for

emergency advance parole presented an extremely urgent situation. Alternatively,

Plaintiffs' applications arguably presented an extremely urgent situation and should have

been accepted for adjudication rather than being rejected prior to filing based on a

fictional statement about the Supreme Court's recent holding.

39)     The applications that Plaintiffs attempted to file on August 19, 2020 for

emergency advance parole presented exceptional circumstances pursuant to Defendant

Wolf's July 28, 2020 memo. Alternatively, Plaintiffs' applications arguably presented

exceptional circumstances and should have been accepted for adjudication rather than

being rejected prior to filing based on a fictional statement about the Supreme Court's

recent holding. As a second alternative, no "exceptional circumstances" were necessary

because the July 28, 2020 memo issued by Defendant Wolf is invalid; all actions that

Defendant Wolf has taken based on his purported status as the Acting Secretary of

Homeland Security are null and void because his appointment was unlawful.

40)     Defendants' failure to accept and adjudicate Plaintiffs' emergency

advance parole applications constitutes an unreasonable failure to act in violation of the

Administrative Procedures Act, 5 U.S.C. §§ 555(b) and 706(1).

41)     Plaintiffs have a clear right to the relief requested.

42)     Defendants have a clear duty pursuant to the Immigration and Nationality

Act to adjudicate Plaintiffs' emergency advance parole applications and there is no other

adequate remedy available.

## COUNT II - DECLARATORY JUDGMENT

43)     Plaintiffs incorporates by reference the preceding paragraphs as though set

forth fully herein.

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

44)     Pursuant to 28 U.S.C. § 2201 et seq., the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

45)     Defendants in this case have acted in a manner that is not in accordance with the law. Said actions and omissions have caused and continue to cause harm to Plaintiffs. Therefore, issuance of a declaratory judgment that Defendants' actions and omissions are erroneous and that Plaintiffs' applications should have been approved (or at least adjudicated) is warranted. Furthermore, the Court should issue a declaratory judgment that Defendant Wolf's July 28, 2020 DACA memo is null and void and that Mr. Wolf does not have the authority to continue acting as if he was the Secretary of the Department of Homeland Security.

**COUNT III - RELIGIOUS FREEDOM RESTORATION ACT**

46)     Plaintiffs incorporates by reference the preceding paragraphs as though set forth fully herein.

47)     Defendants actions and omissions have caused Plaintiffs to miss the burial of their grandfather.

48)     Plaintiffs' family in Mexico are currently participating in a "novena", an ancient tradition of devotional praying participated in by Roman Catholics and other Christian groups that is part of the funeral rites and mourning process for Plaintiffs' grandfather.

49)     Based on their sincerely held religious beliefs, Plaintiffs feel compelled to

visit Mexico and participate in the novena; this is their way to pay final honors and

respect to their grandfather and help him proceed on his path to heaven.

50)     Loving our loved ones and mourning their loss is an essential part of what

makes us human; Defendants have deprived Plaintiffs of their opportunity to mourn their

grandfather as they see fit based on their religious beliefs.

51)     By de facto prohibiting Plaintiffs from ever being able to pay their

respects according to their religious traditions, Defendants have impinged on their

religious freedom.

52)     The Religious Freedom and Restoration Act of 1993 (RFRA), 42 U.S.C. §

2000bb-1(2006), provides as follows:

"Free exercise of religion protected

(a) In general. Government shall not substantially burden a person's exercise of

religion even if the burden results from a rule of general applicability, except as

provided in subsection (b) of this section.

(b) Exception. Government may substantially burden a person's exercise of religion only

if it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

53)     For Defendants to apply their July 28, 2020 memo or other purported law

to reject Plaintiffs' requests for emergency advance parole before they were even filed,

Defendants must show that application of the purported law to deny Plaintiffs' requests is

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

exempt under section 3(b) of RFRA i.e. that there is "compelling government interest" in

denying Plaintiffs' ability to participate in religious funeral rites including the novena and

the application of the purported law is the least restrictive means of furthering this

compelling government interest. Defendants will fail in this regard as there is no

compelling government interest and, in any event, their actions are certainly not the least

restrictive means.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court grant the following relief:

(A)     Order Defendants to accept and adjudicate Plaintiffs' emergency advance

parole applications;

(B)     Retain jurisdiction during the adjudication of the applications in order to

ensure compliance with the Court's order(s);

(C)     Declare that Defendants actions and omissions violated the Administrative

Procedure Act and/or the Immigration & Nationality Act;

(D)     Declare that Defendant Wolf's July 28, 2020 memo regarding DACA is

null and void;

(E)     Declare that Defendant Wolf is not the bona fide Acting Secretary of the

Department of Homeland Security and has no authority to continue his acting in this

regard;

(F)     Award reasonable costs and attorney fees under the Equal Access to

Justice Act or other applicable law; and

(G)     Grant such further relief as the Court deems just and proper.

*Gonzalo Valle Arrizon, et al. v. Department of Homeland Security, et al.*
Complaint

Dated: August 21, 2020          Respectfully Submitted,

                                /s/ Marc Asch (P75499)
                                The Law Office of Marc Asch
                                137 N. Park St., Suite 201B
                                Kalamazoo, MI 49007
                                (617) 653-8184
                                marc.a.asch@gmail.com
                                Attorney for Plaintiffs