UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALO VALLE ARRIZON, et al.,

    Plaintiffs,

          v.

CHAD F. WOLF, et al.,

        Defendants.
_____/

Case No. 1:20-cv-788

Hon. Hala Y. Jarbou
United States District Court Judge

**PLAINTIFFS' UNOPPOSED MOTION FOR A THREE-MONTH EXTENSION**

NOW COME Plaintiffs and for their unopposed motion for a three-month extension of time to file their amended complaint or brief in opposition to motion to dismiss state as follows:

1. On November 13, 2020, the parties submitted a Stipulation and (proposed) Order Extending Deadline to File Amended Complaint or Brief in Opposition to Motion to Dismiss. (ECF No. 16, PageID.104-106) While the parties agreed concerning the relief sought, they did not necessarily agree on how the need should be explained to the Court. In the end, the explanation given that the parties could stipulate to was a vague statement that "in light of current events, Plaintiffs believe that additional time to evaluate how to proceed in this litigation would be appropriate, and Defendants do not oppose such an extension." *Id*, at PageID.104-105.

2. On November 19, 2020, the Court granted the requested extension in part, ordering that "Plaintiffs shall file their amended complaint or brief in opposition to motion to dismiss on or before December 7, 2020." (ECF No. 17, PageID.107)

3. The parties have been engaged in good faith settlement negotiations which appear as though they may be fruitful. Specifically, on November 23, 2020, counsel for the Plaintiffs sent an email to counsel for the Defendants with a proposed stipulation that would resolve Count

I and Count II of the complaint in this matter. Mr. Early, counsel for the Defendants, replied on November 24, 2020, that "we're running the proposed stipulation through the relevant channels at DOJ and DHS, although given the holiday, we may not have an answer for you this week."[1]

4.  Assuming the parties do amicably resolve Count I and Count II of the complaint, the issues still before the Court are narrowed to Count III - the claim under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 (herein "RFRA"). Plaintiffs intend to amend this count to sue appropriate Defendants in their individual capacities and to seek monetary damages. Two federal appeals courts have held that RFRA allows money damages against federal employees sued in their individual capacity. *Tanvir v. Tanzin*, 894 F.3d 449 (2nd Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016). The question is now before the Supreme Court of the United States.[2]

5.  Under Federal Rule of Civil Procedure 6(b)(1)(2), the Court may, for good cause shown, extend the time for an act to be done, with or without notice, if a party makes such a request before the original time expires. W.D. Mich. LCivR 7.1(c) also provides the Court with discretion to enlarge the time period under the rule, with or without notice. This Court's discretion to manage its docket is broad. *Am. Civil Liberties Union of Kentucky v. McCreary Cty. Ky.*, 607 F.3d 439, 451 (6th Cir. 2010).

6.  "Continuances can serve as an important management tool for adjudicators and promote efficient case management. …[I]t can be wasteful and inefficient to plow ahead

---

[1] The information regarding settlement referenced in paragraph 3 of this unopposed motion is not provided to prove or disprove the validity or amount of a disputed claim or for impeachment purposes. Rather, it is offered for another purpose i.e. to explain the reason a further extension is warranted.

[2] The Supreme Court granted certiorari in *Tanvir* on November 22, 2019 (Case No. 19-71) and oral argument was held on October 6, 2020.

immediately." *Matter of L-A-B-R-*, 27 I&N Dec. 405, 407 (A.G. 2018) (internal citations and quotations omitted). Immediately briefing the issue of monetary damages under RFRA would be a wasteful expenditure of the parties' resources. Likewise, it would be a waste of limited judicial resources for the Court to immediately review the briefs and decide the matter when the Supreme Court is scheduled to decide the legal question shortly. The Supreme Court's decision may resolve the matter entirely. At a minimum, it will provide the parties and this Court importance guidance. For these reasons, there is good cause for a further extension while we await the Supreme Court's opinion.

7.  Plaintiffs, therefore, move that the Court extend the time to file their amended complaint or brief in opposition to motion to dismiss until March 7, 2021. Counsel have conferred by email in connection with this request and Defendants do not oppose the motion as reflected in the separately-filed Certificate of Concurrence.

Dated: November 24, 2020   Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiffs